UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

SCOTT WOIDA and
CAROL GOULD,
    Plaintiffs,
-vs.-                             **DEMAND FOR JURY TRIAL**

SUNRISE CREDIT SERVICES, INC.,
a foreign corporation,
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiffs, through counsel, Nitzkin and Associates, by Gary Nitzkin state the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

3. The Defendant to this lawsuit is Sunrise Credit Services, Inc. which is a foreign corporation doing business in Farmingdale, New York.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Wayne County, MI.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect on a consumer type debt allegedly owed by Plaintiff Scott Woida.

7. During the week beginning March 21, 2011, Defendant started calling Plaintiff's mother, co-Plaintiff Carol Gould.

8. On or about March 25, 2011, Plaintiff Carol Gould asked Defendant's representative, "Alisha" to stop calling her.

9. Defendant disclosed to Carol Gould that Scott Woida owes a debt.

10. On or about March 28, 2011, Defendant called Plaintiff Carol Gould, three times.

11. On or about March 29, 2011, Defendant called Plaintiff Carol Gould, again.

12. On or about March 31, 2011, Defendant called Plaintiff Carol Gould, again.

13. On or about April 1, 2011, Defendant called Plaintiff Carol Gould, again.

14. The Plaintiffs have each suffered damages as a result of these violations of the FDCPA.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiffs reincorporate the preceding allegations by reference.

16. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

17. Plaintiff Scott Woida is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

18. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

19. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

20. The Plaintiffs have each suffered damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

21. Plaintiffs incorporate the preceding allegations by reference.

22. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

23. Plaintiff Scott Woida is a debtor as that term is defined in M.C.L. § 339.901(f).

24. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915.

25. Plaintiff Scott Woida has suffered damages as a result of these violations of the Michigan Occupational Code.

26. These violations of the Michigan Occupational Code were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiffs requests that the Court grant each of them the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted.

April 5, 2011
/s/ Gary Nitzkin
GARY D. NITZKIN (P 41155)
NITZKIN & ASSOCIATES
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48034
(248) 353-2882
Fax (248) 353-2882
Email - gnitzkin@creditor-law.com